[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: June 8, 1995 Date of Application: June 15, 1995 Date Application Filed: June 19, 1995 Date of Decision: February 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain at Hartford. Docket No. CR92-439356.
Michael J. Isko, Esq., Counsel for Petitioner.
Carl Taylor, Esq., Assistant State's Attorney for the State.
The petitioner was charged with having forced sexual intercourse with his fourteen year old niece. At trial the petitioner was convicted of Sexual Assault in the First Degree and Risk of Injury to a minor. The trial court imposed a net effective sentence of 16 years, execution suspended after 15 CT Page 5769 years incarceration and 5 years probation.
Counsel for petitioner indicated that it was not his purpose to dispute the seriousness of the charges of which the petitioner was convicted.
Counsel for petitioner claimed that due to petitioner's minimal criminal history, a "more functional sentence" should have been imposed. Counsel's definition of a "more functional sentence" is one where the petitioner would receive a lesser committed portion of the sentence.
In this way, upon discharge from corrections, the accused would be on probation with a greater unexecuted portion of his sentence over his head. Petitioner claims that this greater suspended sentence would be the impetus for any rehabilitative effect probation may have.
The state's attorney countered that the petitioner was from a stable family environment, that he had previously refused any help for his mental problems and that the sentence was less that the state recommended at sentencing. The state requested the unexecuted portion of the sentence be raised to 20 years in order that the petitioner would have a greater unexecuted portion "over his head" while on probation which scenario would help encourage compliance with probationary conditions. The record reveals a forced sexual assault of a child who had been a virgin. The assault has left the family divided and has instilled a constant fear in the victim.
The defendant denied responsibility for the crimes of which he was convicted. This denial caused the court to comment that any rehabilitative potential that exists in the context of acknowledgment of responsibility is absent from this case.
The court then imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 942, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." CT Page 5770
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
Maino, J., Klaczak, J. and Norko, J. participated in this decision.